UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 22-098-DLB

BOBBY MART, JR.                                                                                          PETITIONER

VS.                            **MEMORANDUM OPINION AND ORDER**

KENTUCKY DEPARTMENT OF CORRECTIONS                                          RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Bobby Mart, Jr. is a state prisoner at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky.  Proceeding without a lawyer, Mart recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1), along with a motion for leave to proceed *in forma pauperis* (Doc. # 3).

As an initial matter, the Court will grant Mart's fee motion.  That is because the information contained in Mart's submission indicates that he lacks the assets and income to pay even the modest filing fee in this case.

That said, the Court has also conducted an initial screening of Mart's habeas petition pursuant to 28 U.S.C. § 2243 and will deny it.  Mart discusses his multiple state convictions and sentences and suggests that the Kentucky Department of Corrections is miscalculating his release date. (Doc. # 1 at 5).  However, Mart appears to acknowledge that he has not raised the state sentencing matter either administratively with the Kentucky Department of Corrections or through a filing in state court.  (*See id.* at 6-7). Thus, even if Mart's claim was cognizable in a § 2241 proceeding, his submission would be premature at best.  Plus, the Court can only grant federal habeas relief if a petitioner demonstrates that he is being confined in violation of the Constitution or federal law, *see*

28 U.S.C. § 2241(c)(3), and, here, Martin has not made such a showing, particularly since the issue raised is squarely a matter of state concern.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Gibbs v. Robey*, No. 3:21-cv-407-BJB, 2021 WL 5862567, at *2 (W.D. Ky. Nov. 18, 2021); *Henson v. Hart*, No. 6:19-cv-247-HRW-EBA, 2020 WL 4577706 (E.D. Ky. June 12, 2020), *report and recommendation adopted*, No. 6:19-cv-247-HRW-EBA, 2020 WL 4572912 (E.D. Ky. Aug. 7, 2020).  For these reasons, Mart's petition is simply unavailing.

Accordingly, it is **ORDERED** as follows:

(1)     Mart's motion for leave to proceed *in forma pauperis* (Doc. #3) is **GRANTED**, and payment of the filing fee is **WAIVED**;

(2)     Mart's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED** without prejudice to his right to pursue the matter raised with the Kentucky Department of Corrections and in state court;

(3)     This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(4)     The Court will enter a corresponding Judgment.

This 1st day of December, 2022.



Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\0-22-098 Mart- Memorandum.docx